Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Robert McDonald

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert McDonald, | Case No.: CIV 10-1193-PHX-MHB |
| Plaintiff, | |
| v. | **MOTION TO DISMISS WITHOUT PREJUDICE** |
| Bureau of Medical Economics, | |
| Defendant. | **Honorable Michelle H. Burns** |

## MOTION TO DISMISS WITHOUT PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff, Robert McDonald ("Plaintiff"), hereby moves for an order dismissing Plaintiff's verified Complaint without prejudice. This Motion will be based on the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed his verified Complaint against Defendant on June 4, 2010. *See* Document No. 1. In his verified Complaint, Plaintiff alleged that Defendant constantly and continuously placed collection calls to Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* On June 28, 2010, Defendant provided information that led Plaintiff to reconsider continuing litigation in this matter. *See* Exhibit A. On July 1, 2010, in light of the new information Plaintiff had received, Plaintiff decided to seek voluntary dismissal

1  of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).  *See* Exhibit A.

2  On July 1, 2010, Plaintiff's counsel indicated to defense counsel that there wasn't a need for Defendant to answer Plaintiff's complaint and that Plaintiff intended to dismiss the case upon receipt of a signed affidavit from the Defendant.  *See* Exhibit A.

On July 2, 2010, Defendant filed an Answer.  *See* Document No. 9.  On July 28, 2010, in response to defense counsel's inquiry regarding Plaintiff's intentions with respect to dismissing the case, Plaintiff's counsel indicated to defense counsel that Plaintiff's counsel would confirm with Plaintiff's firm's managing partner and recommend dismissal.  *See* Exhibit B.  On August 11, 2010, Plaintiff's counsel received a letter from Defendant's counsel demanding that the matter be dismissed within twenty-one (21) days from the date of the letter or Defendant would file Motion for Rule 11 Sanctions.  *See* Exhibit C.  On August 23, 2010, in response to defense counsel's inquiry regarding Plaintiff's intentions with respect to dismissing the case, Plaintiff's counsel indicated to defense counsel that Plaintiff's counsel will agree to dismissal but needed to confirm with Plaintiff.  *See* Exhibit D.  On August 24, 2010, Plaintiff's counsel proposed to defense counsel stipulation to dismiss with both parties to bear own costs.  *See* Exhibit E.  On August 24, 2010, defense counsel indicated to Plaintiff's counsel that Defendant was seeking attorney's fees.  *See* Exhibit E.  On September 1, 2010, at the Status Conference hearing in this matter, Plaintiff's counsel indicated to this Honorable Court and all parties that Plaintiff will be filing this instant Motion to Dismiss.  *See* Minute Entry 09/01/2010.

Accordingly, Plaintiff now moves for voluntary dismissal of his Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).

//

//

MOTION TO DISMISS

## II. LEGAL STANDARD

If, as is the case here, the adverse party has served an Answer, dismissal is available to a Plaintiff only upon order of the Court and upon such terms and conditions as the Court deems appropriate. Fed.R.Civ.P. 41(a)(2). The trial court has considerable discretion in deciding whether to allow the withdrawal of a claim without prejudice. *Wakefield v. N.Telecom, Inc.,* 769 F.2d 109, 114 (2nd Cir. 1985). "Generally…a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if Defendant will not be prejudiced thereby." *Id.* at 114. Here, Defendant will suffer no legal prejudice if Plaintiff's motion is granted. Further, Defendant has agreed to not oppose Plaintiff's instant motion but indicated that it will seek fees. *See* Exhibit F.

## III. ARGUMENT

Defendant will not be prejudiced if Plaintiff's motion to dismiss is granted. "Factors relevant to a court's decision whether or not to grant a motion to dismiss without prejudice include [1] plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

None of these factors warrant denying Plaintiff's motion. Plaintiff was not dilatory in bringing the motion, but indicated Plaintiff's intentions regarding dismissal immediately upon being provided with new information from the Defendant regarding the contacts made by Defendant's debt collector. This instant motion was not made to harass or annoy, but instead to bring the litigation to a conclusion without further expense on the part of Plaintiff or Defendant. This has not been a protracted lawsuit; rather, Plaintiff repeatedly and in good faith indicated to

Defendant that Plaintiff intended to dismiss the case even prior to Defendant filing an answer. No discovery has taken place and no other motions have been filed. Although Plaintiff does not anticipate re-filing this claim, re-litigation would not be duplicative, as this case has barely been litigated at all. Because Plaintiff has brought his instant motion in a timely manner, and dismissal will not prejudice Defendant, Plaintiff's Motion to Dismiss without Prejudice should be granted.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss this action against Defendant without prejudice.

RESPECTFULLY SUBMITTED,

DATED: September 3, 2010          KROHN & MOSS, LTD.


By: /s/ Ryan Lee_____

Ryan Lee
Attorney for Plaintiff

# **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF filing on September 3, 2010, to the following recipients:

**Patricio Esquivel**
Jerold Kaplan Law Office
2738 E Washington St
Phoenix, AZ 85034-1423
602-258-8433
Fax: 602-258-4302
Email: pesquivel@kdelaw.com

          By:  /s/ Ryan Lee
          Ryan Lee (SBN: 024846)
          Krohn & Moss, Ltd.
          10474 Santa Monica Blvd., Suite 401
          Los Angeles, CA 90025
          Tel: 323-988-2400 x241
          Fax: 866-583-3695
          rlee@consumerlawcenter.com
          Attorneys for Plaintiff,
          Robert McDonald